IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4002-16-CR-C-NKL |
| ) | |
| LEONARD MARSHALL ROARK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

On May 18, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Leonard Marshall Roark's ("Roark") motion for severance. *See* Report and Recommendation [Doc. # 448]. The R&R reminded Roark that he had ten days from the date he received the R&R to file objections. More than ten days have passed and Roark has not objected. After a *de novo* review of the record, the Court is convinced that the recommendation of the Magistrate is correct and should be adopted.

Joinder is proper under Rule 8(b) where co-defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Indeed, there is a preference for joint trials under the Federal Rules. *Zafiro v. United States*, 506 U.S. 534, 537 (1993);

1

*United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006). A court may grant a defendant's motion to sever where "joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14. However, a "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. Persons charged in a conspiracy are generally tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. *United States v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990); *see also United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required). Separate trials are not required just because a defendant did not participate in all aspects of the conspiracy. *United States v. Kaminski*, 692 F.2d 505, 520 (8th Cir. 1982). Roark has pointed to no prejudicial effect he will suffer as a result of being tried with his co-defendants sufficient to justify severance under Rule 14.

Accordingly, it is

ORDERED that Judge Knox's Report and Recommendation of May 18, 2007, [Doc. # 448] is ADOPTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 1, 2007
Jefferson City, Missouri

2

Case 2:06-cr-04002-BCW   Document 507   Filed 08/01/07   Page 2 of 2